UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION


FILED
OCT 0 3 2012

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

KATHY D. METTE,

        Plaintiff,

-vs-

MICHAEL J. ASTRUE,
Commissioner of Social Security

        Defendant.

CIV. 11-4114

ORDER ON MOTION
FOR ATTORNEYS FEES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending is the Stipulated Motion for Attorney's Fees and Costs (Doc. 18). The parties have stipulated to an award of attorney's fees in the amount of $6,444.50, plus $386.67 in sales tax, pursuant to the Equal Access to Justice Act (hereafter "EAJA"), 28 U.S.C. § 2412(d), as well as expenses of $18.49 pursuant to 28 U.S.C. § 2412(a) and 28 U.S.C. § 1920. The amounts are requested to be paid directly to Plaintiff's attorney pursuant to her written agreement with him (See Doc. 18-1).

## BACKGROUND

Plaintiff filed a claim for disability insurance and medical benefits. After an Administrative Law Judge (ALJ) denied benefits and the Appeals Council denied review, Plaintiff appealed the ALJ's decision to this Court pursuant to 42 U.S.C. § 405(g). Plaintiff sought reversal of the Commissioner's final decision or remand of the case for a further hearing, and an award of attorney's fees under the EAJA on the grounds that the Commissioner's action was not substantially justified. (Doc.1). After the case was fully briefed, the Magistrate Judge recommended to the District Court that the case be remanded to the agency for reconsideration. (Doc. 15). On September 12, 2012, the District Court entered an Order granting the Plaintiff's motion for summary judgment, and reversing and remanding the case to the Commissioner pursuant to § 405(g).

## DISCUSSION

Pursuant to EAJA, a court:

> shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded . . . , incurred by that party in any civil action (other that cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Plaintiff timely filed her petition for attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(B) (within thirty days after final judgment). Accordingly, Plaintiff's attorney is entitled to fees and expenses if (1) Plaintiff was the prevailing party; and (2) the Commissioner's position was not substantially justified.

The Supreme Court has held that a social security claimant who obtains a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency is a "prevailing party" for purposes of EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993). The Court's September 12, 2012, Order was entered pursuant to sentence four of § 405(g). Upon entry of the September 12 Order, Plaintiff became a prevailing party entitled to seek attorney's fees under EAJA. *Id.*

The Commissioner bears the burden of proving his position was substantially justified. See *Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). Subsequent to the Order for reversal and remand, the Commissioner has submitted nothing that would allow the Court to determine the Commissioner's position was substantially justified. The Commissioner, therefore, has not borne his burden of proving his position was substantially justified within the meaning of the EAJA. It is noted, however, that the Commissioner's failure to contest the Plaintiff's motion for attorney's fees and costs is not construed by the Court as a concession by the Commissioner on the issue of whether his position was substantially justified.

The Court must next determine whether the amount requested by Attorney Pfeiffer is reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). The Commissioner has stipulated to an award of $6,444.50 in attorneys fees plus sales tax and expenses. The award of attorney fees shall constitute

2

a complete release from and bar to any claims Plaintiff may have relating to EAJA fees and expenses arising out of this social security appeal, but does not preclude Plaintiff's counsel from seeking attorney fees under 42 U.S.C. § 406(b) of the Social Security Act, subject to the offset provisions of the law.

## ORDER

Accordingly it is

ORDERED that the Commissioner shall pay Plaintiff's counsel, subject to any applicable offset, $6,444.50 in attorney fees and $405.16 for expenses pursuant to the Equal Access to Justice Act.

Dated this 3 day of October, 2012.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge